### DeVINE *v.* MILLER.

1. PLEADING—GENERAL ISSUE—ANTICIPATED SPECIAL DEFENSES—RELEASE.

Plaintiff's failure to reply before trial to defendant's notice of payment and written release under plea of general issue in action on note *held*, not to amount to admission of consideration for release where defendant, at the trial, established its execution and delivery, nor to preclude plaintiff from taking issue thereon, where he had expressly traversed claimed payment and release in his declaration (Court Rule No. 24 [1931]).

2. SAME—AMENDMENT—CONTINUANCE.

Where declaration on note traversed claimed payment and written release and defendant, under plea of general issue, gave notice of payment and set up the release traversed without bringing in more than what had been traversed in declaration, amendment to pleadings by way of filing reply after trial and before judgment was unnecessary and where reply filed brought in no new issue nor operated to open one closed by want of pleading, defendant's request for continuance was properly denied as without merit (Court Rule No. 24 [1931]).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 2, 1935. (Docket No. 13, Calendar No. 37,559.) Decided June 3, 1935.

Assumpsit by Edward D. DeVine, guardian of William F. Hurd, mental incompetent, against Fred E. Miller on a promissory note. Judgment for plaintiff. Suggestion of death of William F. Hurd. Defendant appeals. Affirmed.

*DeVine, Kent & DeVine* (*William H. Shiek,* of counsel), for plaintiff.

*Wayne Van Osdol* (*Kenneth D. McGregor,* of counsel), for defendant.

WIEST, J. This suit in assumpsit was brought by the guardian of William F. Hurd, a mental incompetent, upon a note given to Mr. Hurd by defendant. The declaration was upon the note and the common counts, and expressly traversed a claimed payment and written release asserted by defendant. Defendant, under plea of the general issue, gave notice of payment and set up the release traversed in the declaration. The issues were tried without a jury and judgment rendered for plaintiff.

At the trial defendant established execution and delivery of the release and the issue then was that of consideration. Plaintiff did not file any reply to defendant's notice of payment and release and, at the trial, defendant urged that such failure operated as an admission thereof under Court Rule No. 24 (1931), or, at least, barred plaintiff from taking issue thereon. The court permitted plaintiff to file a reply and such was done after trial and before entry of judgment.

The notice of special defense under the plea brought no more than what had been traversed on

that subject in the declaration, and no amendment under such circumstances was necessary.

The permitted amendment brought no new issue; neither did it operate to open one closed by want of pleading, and defendant's request for a continuance was without merit.

This covers the points presented by defendant upon appeal.

The judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.